Evan S. Strassberg (Bar No. 219336)
E-Mail: esstrassberg@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0477
Facsimile: (801) 931-2500

**Attorneys for Defendant John L. Parmigiani**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER TRUST DTD 10/05/2000 by its Trustee LETITIA MCKEE COOPER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN L. PARMIGIANI, an individual; DOES 1 through 20, Inclusive;<br><br>Defendants. | Case No.: CV 17-04379-PA (AGRx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Percy Anderson<br>Date: April 1, 2019<br>Time: 1:30 p.m.<br>Ctrm: Courtroom 9A, 9th Floor |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that on April 1, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA, 90012, defendant John L. Parmigiani ("Defendant" or "Parmigiani"), will move, pursuant to Rules 12(b)(6), 8 and 9(b) of the Federal Rules of Civil Procedure for an order dismissing the Complaint filed by Plaintiff Cooper Trust DTD 10/05/2000 ("Plaintiff" or "Cooper") in its entirety.

The grounds for this motion are as follows:

1. All claims are barred under the applicable statutes of limitation. The longest statute of limitation governing the claims at issue is four years (for breach of fiduciary duty and breach of written contract). The face of the complaint discloses that "[t]he wrongful conduct went on for three months before the deeply worried customer moved the account," and the account was opened in late-January or early-February 2009. *See* Complaint Paragraphs 4, 6, 7. Thus, even a four year statute of limitations would have expired no later than May or June of 2013—more than three years before the Complaint was filed on January 9, 2017.

2. Even if the claims are not all barred by the statutes of limitation:

a. The Second Cause of Action for Fraudulent Misrepresentation fails to plead the fraud with the specificity required by Rule 9(b). The Ninth Circuit has consistently held, and very recently reaffirmed, that, "[t]o properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). The complaint generally, and the Second Cause of Action specifically, are devoid of any of these particulars. Indeed, the Complaint does not appear to identify a single allegedly false statement, let alone the particulars of who made the statement, when it was made, where it was made, how it was made, or why it was false.

b. The Third Cause of Action for Negligent Misrepresentation fails to plead a plausible claim. In order to plead an actionable cause of action for negligent misrepresentation, the Complaint must allege, among other things, "the misrepresentation of a past or existing fact." Here, the

Complaint is devoid of an allegation as to the specific "past or existing fact" Mr. Parmigiani misrepresented.

c. The Fourth Cause of Action for Negligence is deficient for the same reasons discussed regarding Negligent Misrepresentation. Paragraph 42 alleges, "[i]n making the representations set forth above, Defendant acted negligently." But because no representations are actually alleged, this incorporates nothing, and the claim should be dismissed.

d. The Sixth Cause of Action for Breach of Contract, even when analyzed under Fed. R. Civ. P. 8, is insufficient to state a claim. The Complaint is largely devoid of allegations regarding the "contract" Defendant supposedly breached. It is not clear when the contract was formed, whether it was implied or express, or whether it was oral or written. Paragraph 52 of the Complaint refers to "the communications and representations alleged above" but no such "representations" are alleged elsewhere in the Complaint.

**Compliance with Local Rule 7-3.** This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 22, 2019. The parties were unable to resolve the issues raised by this motion.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

Dated: March 1, 2019

By:/s/Evan S. Strassberg
Evan S. Strassberg
Attorneys for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Motion to Dismiss Standard

> Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
>
> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard does not amount to a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*
>
> "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must both "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Payne v. Cal. Dep't of Corr. & Rehab.*, No. CV 15-2815-PA (SP), 2018 U.S. Dist. LEXIS 198003, at *9 (C.D. Cal. Sep. 24, 2018).

A fraud claim must satisfy a higher pleading standard. Fed. R. Civ. P. 9(b) provides that, “[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.”

## II. The Face of the Complaint Makes Clear that the Statutes of Limitation on All Plaintiffs' Claims Expired at Least Two Years Before the Complaint was Filed.

The claims in the Complaint are governed by the following statutes of limitation:

- Breach of Fiduciary Duty: four years (Cal. Civ. Proc. § 343);
- Fraudulent Misrepresentation: three years (Cal. Civ. Proc. §338(d));
- Negligent Misrepresentation: four years (Cal. Civ. Proc. § 343);
- Negligence: four years (Cal. Civ. Proc. § 343);
- Unjust Enrichment: four years (Cal. Civ. Proc. § 343);
- Breach of Contract: four years for a written contract, three years for an oral contract (Cal. Civ. Proc. §§ 337, 339).

The face of the Complaint establishes by necessary inference that any claims Plaintiff may have had accrued no later than early May 2009. Specifically, in paragraph 4 Plaintiff alleges that "[t]he wrongful conduct went on for three months before the deeply worried customer moved the account," and Paragraph 7 alleges that the account was opened on or about February 2, 2009. Thus, the only reasonable inference to be drawn from these allegations is that "the wrongful conduct" stopped about "three months" after February 2, 2009—or by early May 2009—and at that time Plaintiff was "deeply worried" about how her account had been handled. Thus, the Complaint on its face does not suggest that Plaintiff was unaware of her potential claims for a period of years before she filed suit; to the contrary Plaintiff specifically acknowledges she was worried enough about how her account was being handled that she moved it only three months after it was opened.

Plaintiff filed her Complaint in California Superior Court on January 9, 2017—more than *seven years* after the latest possible date by which her claims could have accrued. Because each statute of limitation applicable to her claims is four years or less, all of Plaintiff's claims are untimely, and should be dismissed as a matter of law.

*See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.").

## III. Even if the Claims are not Time-Barred, Most Causes of Action Should be Dismissed for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6).

### A. The Second Cause of Action for Fraudulent Misrepresentation fails to plead the fraud with the specificity required by Rule 9(b).

The Ninth Circuit has consistently held, and very recently reaffirmed, that, "[t]o properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (internal quotation and citation omitted). Here, the Complaint generally, and the Second Cause of Action specifically, are devoid of any of these particulars. Indeed, the Complaint does not appear to identify a single allegedly false statement, let alone the particulars of who made the statement, when it was made, where it was made, how it was made, or why it was false. Because Plaintiff "did not allege a fraudulent misrepresentation [she] thus failed to state a claim for fraud that is plausible on its face." *Barkett v. Sentosa Props.*, 692 Fed.Appx. 411, 412 (9th Cir. June 5, 2017) (affirming district court's dismissal of complaint).

Instead, the Second Cause of Action alleges mere conclusions and at best does nothing more than set out the technical elements of a fraud claim. This is insufficient as a matter of law.

### B. The Third Cause of Action for Negligent Misrepresentation fails to plead a plausible claim.

To plead an actionable cause of action for negligent misrepresentation, the Complaint must allege, among other things, the misrepresentation of a past or existing

fact. "The tort of negligent misrepresentation, a species of the tort of deceit, does not require intent to defraud but only the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255, 91 Cal. Rptr. 3d 532, 543, 203 P.3d 1127, 1135-36 (2009). Although the adequacy of this cause of action is assessed under Rule 8, rather than Rule 9(b), "to survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' complaint must to set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)." *Gomez v. Bank of Am., N.A.*, 642 F. App'x 670, 673 (9th Cir. 2016).

Here, the Complaint contains nothing more than this very "formulaic recitation of the elements of" the negligent misrepresentation claim and is therefore inadequate as a matter of law. Rather than identify any assertion of fact that Defendant made to the Plaintiff, the Third Cause of Action merely refers to "the representations set forth above." Complaint ¶ 39. However, as discussed above, the Complaint is devoid of any allegation as to the specific "past or existing fact" Defendant supposedly misrepresented, and further fails to allege why the statement was untrue or that Defendant had "no reasonable ground for believing it to be true." Thus, the claim for negligent misrepresentation fails to allege any facts that, even when assumed to be true, state a plausible claim for negligent misrepresentation.[1]

---

[1] In addition to the inadequacies in the Complaint addressed in the body of this motion, the Complaint contains what can most generously be referred to as "oddities" that further undermine the Complaint's plausibility. For example, paragraph 18 alleges that "Mrs. Cooper is not employed, has no significant employment history, no financial education or experience of any significance." Yet the next paragraph alleges that, "[t]he recommendations and trades are not appropriate for this investor, who was clearly focused on **his** work life." Complaint ¶ 19 (emphasis added). It is unclear to whom this is supposed to refer, as the Plaintiff is a woman who supposedly "has no significant work history." The next paragraph makes statements about what "[t]he

C. <u>The Fourth Cause of Action for Negligence is deficient for the same reasons discussed above regarding Negligent Misrepresentation.</u>

Paragraph 42 of the Complaint alleges, "[i]n making the representations set forth above, Defendant acted negligently." But because, as discussed above, no representations are actually alleged, this incorporates nothing, and the claim should be dismissed. Moreover, because the claim for "negligence" appears to be entirely duplicative of the claim for "negligent misrepresentation" as it does not allege an independent basis for liability, it is ripe for dismissal.

D. <u>The Sixth Cause of Action for Breach of Contract does not state a plausible claim because it does not adequately identify the contract or contracts at issue or their alleged terms.</u>

"In order to sufficiently allege a claim for breach of contract, a plaintiff must allege: the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant, and damages." *Elizabeth Arden, Inc. v. Merch. of Tennis, Inc.*, No. CV 10-9949 PA (AGRx), 2012 U.S. Dist. LEXIS 200017, at *11 (C.D. Cal. Feb. 13, 2012) (citation omitted). Here, the Complaint alleges that "Defendant formed a contract with Plaintiff, to manage the accounts consistent with the rules of FINRA, former rules of the NYSE and the NASD, and each Rule of these SEO's is applicable as a term of that contract." Complaint ¶ 52. However, the Complaint is otherwise devoid of allegations regarding this alleged "contract."

It is not clear when the contract was formed, whether it was implied or express, or whether it was oral or written. Paragraph 52 of the Complaint refers to "the communications and representations alleged above" to try to add flesh to the skeletal allegations, but, again, there are no such "representations" alleged elsewhere in the Complaint. It goes on to discuss "entering into various agreements with Plaintiff," but provides no plausible allegation as to what the contracts were, when they were entered

---

panel will be asked to permit" in terms of discovery, even though this case is before this Court—not a panel. *Id.* ¶ 20.

into, what their terms were, or even who the parties to those agreements allegedly were. Nor does the Complaint allege what terms of the undefined "agreements" Defendant allegedly breached. Indeed, the Complaint seems to be alleging that Defendant's acts of "entering into various agreements with Plaintiff" was somehow a breach of "the contract between them . . . ." *Id.* This is a nonsensical allegation, as entering into a contract with Plaintiff cannot itself be a breach of contract. The Complaint is rendered even more unintelligible because Plaintiff refers to her alleged contracts with "Defendants," even though only one defendant has been named.

For all these reasons, the Sixth Cause of Action for Breach of Contract should be dismissed.

## IV. Conclusion

For the reasons discussed above, Defendant John L. Parmigiani respectfully requests that the Complaint be dismissed in its entirety on the ground that all claims are barred by the relevant statutes of limitation; or, in the alternative, that the Second, Third, Fourth, and Sixth Causes of Action be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

Dated: March 1, 2019

By:/s/Evan S. Strassberg
Evan S. Strassberg
MICHAEL BEST & FRIEDRICH, LLP
Attorneys for Defendant
JOHN L. PARMIGIANI