Evan S. Strassberg (Bar No. 219336)
E-Mail: esstrassberg@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0477
Facsimile: (801) 931-2500

**Attorneys for Defendant John L. Parmigiani**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER TRUST DTD 10/05/2000 by its Trustee LETITIA MCKEE COOPER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN L. PARMIGIANI, an individual; DOES 1 through 20, Inclusive;<br><br>Defendants. | Case No.: CV 17-04379-PA (AGRx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND, THIRD, FOURTH, AND SIXTH CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Percy Anderson<br>Date: June 3, 2019<br>Time: 1:30 p.m.<br>Ctrm: Courtroom 9A, 9th Floor |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that on June 3, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA, 90012, defendant John L. Parmigiani ("Defendant" or "Parmigiani"), will move, pursuant to Rules 12(b)(6), 8 and 9(b) of the Federal Rules of Civil Procedure for an order dismissing the Second, Third, Fourth, and Sixth Causes of Action in the First Amended Complaint filed by Plaintiff Cooper Trust DTD 10/05/2000 ("Plaintiff" or "Cooper").

The grounds for this motion are as follows:

1. The Second Cause of Action for Fraudulent Misrepresentation fails to plead the fraud with the specificity required by Rule 9(b). The Ninth Circuit has consistently held, and very recently reaffirmed, that, "[t]o properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). The FAC generally, and the Second Cause of Action specifically, are devoid of any of these particulars. Indeed, the FAC does not appear to identify a single allegedly false statement, let alone the particulars of who made the statement, when it was made, where it was made, how it was made, or why it was false.

2. The Third Cause of Action for Negligent Misrepresentation fails to plead a plausible claim. In order to plead an actionable cause of action for negligent misrepresentation, the Complaint must allege, among other things, "the misrepresentation of a past or existing fact." Here, the Complaint is devoid of an allegation as to the specific "past or existing fact" Mr. Parmigiani misrepresented.

3. The Fourth Cause of Action for Negligence is deficient for the same reasons discussed regarding Negligent Misrepresentation. Paragraph 49 alleges, "[i]n making the representations set forth above, Defendant acted negligently." But because no representations are actually alleged, this incorporates nothing, and the claim should be dismissed.

4. The Sixth Cause of Action for Breach of Contract, even when analyzed under Fed. R. Civ. P. 8, is insufficient to state a claim. The Complaint is largely devoid of allegations regarding the "contract" Defendant supposedly breached. It is not clear when the contract was formed, whether it was implied or express, or whether it was oral or written.

**Compliance with Local Rule 7-3.** This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 22, 2019. The parties were unable to resolve the issues raised by this motion.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

Dated: April 29, 2019

By:/s/Evan S. Strassberg
Evan S. Strassberg
Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Parmigiani moved to dismiss Plaintiff's original complaint in this matter on numerous grounds, including that all claims were barred by the statute of limitations and that the complaint failed to plead sufficient facts to support four of the six causes of action. This Court granted the motion to dismiss on the basis of the statute of limitations having expired but did not address Parmigiani's other arguments. In her First Amended Complaint (the "FAC"), Plaintiff has pled additional facts in an attempt to address the statute of limitations issue, but added no allegations that would shed any additional light on the factual basis for her claims[1]. Plaintiff has said nothing more about what representations Parmigiani allegedly made to her that she claims were fraudulent or negligent, and she has in no way clarified what she claims to be the "contract" between her and Parmigiani nor how that contract was breached. Because Plaintiff has repeatedly failed to cure these deficiencies in her complaint, the causes of action that are at issue in this motion should be dismissed with prejudice.

## II. The Motion to Dismiss Standard

> Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of

---

[1] While Parmigiani does not believe Plaintiff can demonstrate the "good faith" required for her to invoke equitable tolling of the statute—principally because Plaintiff dragged Parmigiani through five years of arbitration only to voluntarily dismiss that proceeding after her attorney withdrew as counsel, citing "a breakdown of communication where further representation of [Plaintiff] … has been rendered unreasonably difficult"—on a motion to dismiss the Court would be required to accept her allegations as true. Thus, Parmigiani expects to address the statute of limitations issue through a motion for summary judgment, rather than a 12(b)(6) motion to dismiss.

> sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
>
> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard does not amount to a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*
>
> "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must both "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Payne v. Cal. Dep't of Corr. & Rehab.*, No. CV 15-2815-PA (SP), 2018 U.S. Dist. LEXIS 198003, at *9 (C.D. Cal. Sep. 24, 2018).

A fraud claim must satisfy a higher pleading standard. Fed. R. Civ. P. 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

## III. THE FAC FAILS TO STATE PLAUSIBLE CLAIMS FOR RELIEF FOR FRAUD, NEGLIGENT MISREPRESENTATION, NEGLIGENCE, AND BREACH OF CONTRACT.

### A. The Second Cause of Action for Fraudulent Misrepresentation fails to plead the fraud with the specificity required by Rule 9(b).

The Ninth Circuit has consistently held, and very recently reaffirmed, that, "[t]o properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (internal quotation and citation omitted). Here, the FAC generally, and the Second Cause of

Action specifically, are again devoid of any of these particulars. Indeed, the FAC does not appear to identify a single allegedly false statement, let alone the particulars of who made the statement, when it was made, where it was made, how it was made, or why it was false. Because Plaintiff "did not allege a fraudulent misrepresentation [she] thus failed to state a claim for fraud that is plausible on its face." *Barkett v. Sentosa Props.*, 692 Fed.Appx. 411, 412 (9th Cir. June 5, 2017) (affirming district court's dismissal of complaint). *See also O'Connor v. Franke*, No. CV 16-3542 PA (JCx), 2017 U.S. Dist. LEXIS 70879, at *6-7 (C.D. Cal. May 9, 2017) ("Where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, **and specific content of the false representations** as well as the identities of the parties to the misrepresentations." (emphasis added; internal quotations and citation omitted)).

Instead, the Second Cause of Action alleges mere conclusions and at best does nothing more than set out the technical elements of a fraud claim. The FAC alleges that "Defendant made false statements of fact and omissions to Plaintiff" (FAC ¶ 39) but does not identify what any of those statements or omissions were. This is insufficient as a matter of law. Because Plaintiff has failed to include these necessary allegations despite being repeatedly apprised of these deficiencies, her fraud claim should be dismissed with prejudice.

### B. The Third Cause of Action for Negligent Misrepresentation fails to plead a plausible claim.

To plead an actionable cause of action for negligent misrepresentation, the Complaint must allege, among other things, the misrepresentation of a past or existing fact. "The tort of negligent misrepresentation, a species of the tort of deceit, does not require intent to defraud but only the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255, 91 Cal. Rptr. 3d 532, 543, 203 P.3d 1127, 1135-

36 (2009). Although the adequacy of this cause of action is assessed under Rule 8, rather than Rule 9(b), "to survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' complaint must to set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)." *Gomez v. Bank of Am., N.A.*, 642 F. App'x 670, 673 (9th Cir. 2016).

Here, the Complaint contains nothing more than this very "formulaic recitation of the elements of" the negligent misrepresentation claim and is therefore inadequate as a matter of law. Rather than identify any assertion of fact that Defendant made to the Plaintiff, the Third Cause of Action merely refers to "the representations set forth above." FAC ¶ 46. However, as discussed above, the Complaint is devoid of any allegation as to the specific "past or existing fact" Defendant supposedly misrepresented, and further fails to allege why the statement was untrue or that Defendant had "no reasonable ground for believing it to be true." Thus, the claim for negligent misrepresentation fails to allege any facts that, even when assumed to be true, state a plausible claim for negligent misrepresentation. Plaintiff's Third Cause of Action for Negligent Misrepresentation should be dismissed with prejudice.[2]

C. The Fourth Cause of Action for Negligence is deficient for the same reasons discussed above regarding Negligent Misrepresentation.

The sole factual basis that Plaintiff has given for her negligence claim is her allegation in paragraph 49 of the FAC, which alleges, "[i]n making the representations

[2] The FAC, like the original complaint, contains allegations that are completely out of place and contradict other allegations. As Parmigiani pointed out in his original motion to dismiss, Plaintiff alleges in paragraph 18 alleges that "Mrs. Cooper is not employed, has no significant employment history, no financial education or experience of any significance." But in the very next paragraph Plaintiff alleges that, "[t]he recommendations and trades are not appropriate for this investor, who was clearly focused on **his** work life." FAC ¶ 19 (emphasis added). Plaintiff made no effort to correct or explain these inconsistent allegations in her amended complaint.

set forth above, Defendant acted negligently." But because, as discussed above, no representations are actually alleged, this incorporates nothing, and the claim should be dismissed. Moreover, because the claim for "negligence" appears to be entirely duplicative of the claim for "negligent misrepresentation" as it does not allege an independent basis for liability, it should be dismissed with prejudice.

D. The Sixth Cause of Action for Breach of Contract does not state a plausible claim because it does not adequately identify the contract or contracts at issue or their alleged terms.

"In order to sufficiently allege a claim for breach of contract, a plaintiff must allege: the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant, and damages." *Elizabeth Arden, Inc. v. Merch. of Tennis, Inc.*, No. CV 10-9949 PA (AGRx), 2012 U.S. Dist. LEXIS 200017, at *11 (C.D. Cal. Feb. 13, 2012) (citation omitted). Here, the FAC alleges that "Defendant formed a contract with Plaintiff, to manage the accounts consistent with the rules of FINRA, former rules of the NYSE and the NASD, and each Rule of these SEO's is applicable as a term of that contract." Complaint ¶ 52. However, the Complaint is otherwise devoid of allegations regarding this alleged "contract."

It is not clear when the contract was formed, whether it was implied or express, or whether it was oral or written. Paragraph 56 of the FAC refers to "the communications and representations alleged above" to try to add flesh to the skeletal allegations, but, again, there are no such "representations" alleged elsewhere in the Complaint. It goes on to discuss "entering into various agreements with Plaintiff," but provides no plausible allegation as to what the contracts were, when they were entered into, what their terms were, or even who the parties to those agreements allegedly were. Nor does the Complaint allege what terms of the undefined "agreements" Defendant allegedly breached. Indeed, the FAC again seems to be alleging that Defendant's acts of "entering into various agreements with Plaintiff" was somehow a breach of "the contract between them . . . ." *Id.* This is a nonsensical allegation, as

entering into a contract with Plaintiff cannot itself be a breach of contract. The FAC is rendered even more unintelligible because Plaintiff refers to her alleged contracts with "Defendants," even though only one defendant has been named. It is simply not possible for Parmigiani to intelligently respond to this cause of action because Plaintiff has not even begun to identify the form or content of the contract she claims to have been formed between the parties.

For all these reasons, the Sixth Cause of Action for Breach of Contract should be dismissed with prejudice.

## IV. Conclusion

For the reasons discussed above, Defendant John L. Parmigiani respectfully requests that Second, Third, Fourth, and Sixth Causes of Action in Plaintiff's First Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

Dated: April 29, 2019

By:/s/Evan S. Strassberg
Evan S. Strassberg
MICHAEL BEST & FRIEDRICH, LLP
Attorneys for Defendant
JOHN L. PARMIGIANI