Evan S. Strassberg (Bar No. 219336)
E-Mail: esstrassberg@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0477
Facsimile: (801) 931-2500

**Attorneys for Defendant John L. Parmigiani**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER TRUST DTD 10/05/2000 by its Trustee LETITIA MCKEE COOPER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN L. PARMIGIANI, an individual; DOES 1 through 20, Inclusive;<br><br>Defendants. | Case No.: CV 17-04379-PA (AGRx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Percy Anderson<br>Date: July 22, 2019<br>Time: 1:30 p.m.<br>Ctrm: Courtroom 9A, 9th Floor |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that on July 22, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA, 90012, defendant John L. Parmigiani ("Defendant" or "Parmigiani"), will move, pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment in his favor and dismissing all causes of action in the Second Amended Complaint [Docket No. 47] (the "SAC") filed by Plaintiff Cooper Trust DTD 10/05/2000 ("Plaintiff" or "Cooper").

The grounds for this motion are as follows:

1. All claims are barred under the applicable statutes of limitation. This Court has already held that the statute of limitation governing the claims at issue is three years. *See* Order Granting Motion to Dismiss [Docket No. 38] at 3. The face of the complaint discloses that "[t]he wrongful conduct went on for three months before the deeply worried customer moved the account," and the account was opened in late-January or early-February 2009. *See* SAC ¶¶ 4, 7. Thus, the statute of limitations began to run no later than May 2009, and, absent equitable tolling of the statute, expired no later than June 2013—more than three years before the Complaint was filed on January 9, 2017. *See* March 29, 2019 Order [Docket No. 38] at 3.

2. This Court has previously recognized that, "California courts equitably toll the statute of limitations period when a plaintiff pursues an alternate legal remedy and proves (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." March 29, 2019 Order at 3 (citing *McDonald v. Antelope Valley Cmty. Col. Dist.*, 45 Cal. 4th 88, 102 (2008). Case law makes clear that the party seeking the benefit of equitable tolling has the burden of proving each of these three elements. See, e.g., *In re Marriage of Zimmerman*, 183 Cal. App. 4th 900, 912, 109 Cal. Rptr. 3d 96, 105 (2010) ("The petitioner bears the burden of proving the applicability of equitable tolling."). The Court—not a jury—is to determine whether statutes of limitation may be equitably tolled in a specific case.

3. Plaintiff contends in her SAC that the statutes of limitation applicable to her claims should be equitably tolled because the arbitration proceeding she filed and pursued for more than five years was "dismissed, without prejudice, on unrelated grounds, in mid-2015 . . . ." SAC ¶ 35.

4. In *McDonald* the California Supreme Court explained that the doctrine of equitable tolling may generally apply in three circumstances: "where one action stands to lessen the harm that is the subject of a potential second action; where administrative

remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald, 45 Cal. 4th 88, 100 (citing Collier v. City of Pasadena (1983) 142 Cal.App.3d 917, 923).

5. Even if the doctrine of equitable tolling were held to apply in this case, the undisputed facts demonstrate that Plaintiff cannot, as a matter of law, establish at least one of the three requisite elements: reasonable and good faith conduct on the part of the plaintiff. More the one year after her claims accrued, Plaintiff commenced a FINRA arbitration proceeding in June 2010. After twice amending her claim to add parties (none of whom is named in this action), and after no less than six (6) prehearing conferences, Plaintiff elected not to move the matter forward and thus the First Arbitration was dismissed by the Panel on June 9, 2015—five years after that proceeding began. Plaintiff had every opportunity to have her claims heard on their merits had she simply completed the First Arbitration; she cannot use the dismissal of that proceeding as a basis to invoke equitable tolling and thereby get another chance to litigate the exact same claims that she chose to abandon in the First Arbitration.

**Compliance with Local Rule 7-3.** This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 3, 2019. The parties were unable to resolve the issues raised by this motion.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

Dated: June 17, 2019

By: /s/Evan S. Strassberg
Evan S. Strassberg
Attorneys for Defendant

# TABLE OF CONTENTS

**Page**


MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. Introduction ........ 1

II. The Summary Judgment Standard ........ 1

III. Narrative Summary of Relevant Facts ........ 2

IV. Argument ........ 5

A. Absent Equitable Tolling, the Statute of Limitations on All Plaintiffs' Claims Long Ago Expired. ........ 5

B. Equitable Tolling ........ 5

C. Equitable Tolling Does Not Apply Because the First Arbitration was Not Dismissed Based on a "Defect" ........ 6

D. Plaintiff Cannot Demonstrate Good Faith ........ 8

V. Conclusion ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Pasadena Unified Sch. Dist.*,
No. CV 18-905 PA, 2018 U.S. Dist. LEXIS 166815 (C.D. Cal. Sep. 26, 2018) ..... 2

*Fanucci v. Allstate Ins. Co.*,
638 F. Supp. 2d 1125 (N.D. Cal. 2009) ..... 5

*Hopkins v. Kedzierski*,
225 Cal.App.4th 736 (Cal. Ct. App. (4th Dist.) 2014) ..... 5

*Long v. Forty Niners Football Co., LLC*,
33 Cal. App. 5th 550, 555 (4th App. Dist. 2019) ..... 6, 8, 9

*McDonald v. Antelope Valley Cmty. Col. Dist.*,
45 Cal. 4th 88 (2008) ..... 6, 10

*Vaughn v. Teledyne, Inc.*,
628 F.2d 1214 (9th Cir. 1980) ..... 6

*Walker v. Boeing Corp.*,
218 F. Supp. 2d 1177 (C.D. Cal. 2002) ..... 6

**Other Authorities**

California Court Rule 1.16(b)4 ..... 3

California Rule of Professional Conduct 1.16(b)(4) ..... 7

Missouri Court Rule 4-1.16(b)6 ..... 3, 7

Rule 1.16(b)(4) ..... 7

Rule 12206 ..... 4, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

All of Plaintiff's claims in this action are unquestionably time-barred unless Plaintiff can demonstrate that the statutes of limitation governing her claims were equitably tolled. Plaintiff seeks equitable tolling based on her pursuit of two separate arbitration proceedings against Defendant, both of which were dismissed without prejudice. The first of those two arbitration proceedings (the "First Arbitration") was filed in late June 2010 and was dismissed in June 2015 when Plaintiff neglected to push the matter to a final hearing. Thus, unless the statutes of limitation were tolled during the duration of the First Arbitration, all of Plaintiff's claims must be dismissed. The undisputed facts demonstrate that Plaintiff cannot carry her burden of proof that the statutes should be equitably tolled, principally because she pursued her claims in arbitration for five full years and then simply abandoned that forum right before the claims were to be heard on their merits. Plaintiff had every opportunity to have her claims adjudicated in the First Arbitration. California appellate case law makes clear that equitable tolling is not—as a matter of law—available under such circumstances. Defendant is entitled to summary judgment in his favor on all of Plaintiff's claims.

## II. The Summary Judgment Standard

FRCP 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Id.* at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir 1999). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51, 107 L. Ed. 2d 20 (1989) (emphasis in original, citation omitted).

*Doe v. Pasadena Unified Sch. Dist.*, No. CV 18-905 PA (FFMx), 2018 U.S. Dist. LEXIS 166815, at *6-7 (C.D. Cal. Sep. 26, 2018).

**III. Narrative Summary of Relevant Facts**

This action arises from Plaintiff's business relationship with Defendant and his former firm and colleague, which lasted from early February 2009 through approximately early May 2009. *See* Statement of Undisputed Facts ("SOF") ¶ 1. By at least around May 2009, Plaintiff had discovered the facts that she claims to constitute the fraud alleged in this lawsuit. *Id.* ¶ 2. On June 28, 2010, Plaintiff filed a statement of claim in arbitration before the Financial Industry Regulatory Authority ("FINRA") against Defendant, Prestige Financial Center, Inc., and Schnaier & Associates (the "First Arbitration"). *Id.* ¶ 3. On October 26, 2010, Defendant and Prestige filed their Statement of Answer and Counterclaim against Plaintiff in the First Arbitration. *Id.* ¶ 4.

On October 25, 2012, the Second Pre-Hearing Conference was held in the First Arbitration. *Id.* ¶ 5. At that Conference the Panel scheduled the arbitration hearing to begin on June 18, 2013, and end on June 20, 2013. *Id.* ¶ 6. On February 26, 2013 the Panel entered an order granting Plaintiff's motion for leave to amend her claim to add Albert Pette as a responding party. *Id.* ¶ 7. The dates set for the hearing were, however, unchanged. *Id.* Plaintiff then filed her Amended Statement of Claim in the First Arbitration that added three individual defendants: Albert Pette, Michael Mays, and Lawrence Kirshbaum. *Id.* ¶ 8. On August 27, 2013, the Panel sent an email confirming that, in a telephonic hearing that occurred on August 26, 2013, the Panel, among other things: (a) granted Plaintiff's motion to add Michael Mays and Lawrence Kirshbaum as additional respondents; and (b) continued the evidentiary hearing to April 15, 2014 in light of the addition of parties. *Id.* ¶ 9.

Although an arbitration hearing was scheduled to take place in Los Angeles between November 10-12, 2014, that hearing was canceled after Plaintiff's attorney

filed a "Notice of Withdrawal and Emergency Motion to Continue Hearing for Claimant to Secure Alternate Counsel." *Id.* ¶ 11. The "Notice of Withdrawal" stated that Plaintiff's counsel was "compelled to withdraw as counsel for [Plaintiff]" because "counsel and [Plaintiff] have had a breakdown of communication where further representation of [Plaintiff] by undersigned counsel has been rendered unreasonably difficult and is not in the best interests of" Plaintiff. *Id.* ¶ 12. The "Notice of Withdrawal" cited "California Court Rule 1.16(b)4 and Missouri Court Rule 4-1.16(b)6 as the reasons he was "compelled to withdraw as counsel for" Plaintiff. *Id.* ¶ 13. Defendant and his counsel spent a substantial amount of time and money preparing for the hearing as scheduled from November 10-12, 2014. *Id.* ¶ 14.

On January 20, 2015, two respondents in the First Arbitration (Mays and Pette) asked the Panel to dismiss them from the proceeding. *Id.* ¶ 15. On January 29, 2015, Plaintiff—through her attorney, Joseph Fogel—filed an opposition to Mays' and Pette's request for dismissal. *Id.* ¶ 16. On April 21, 2015, the Panel conducted a telephonic hearing on the motion to dismiss, which neither Plaintiff nor her counsel attended. *Id.* ¶ 17. During the April 21, 2015 telephonic hearing, counsel for Defendant "raised the issue to the Panel of a possible joint motion by the parties to dismiss [Plaintiff's] case for failure to prosecute." *Id.* ¶ 18. On April 21, 2015, the Panel in the First Arbitration issued an order stating, in relevant part: "The motions of Michael Mays and Albert Pette for dismissal from the claim are continued and the following order is issued: The Panel will dismiss Claimant's case unless Claimant and Respondents have agreed to an arbitration date by May 8, 2015. The parties will agree that once the date or dates have been set, no continuances will be granted. Said arbitration is to take place within six months. . . ." *Id.* ¶ 19. Nevertheless, neither Plaintiff nor her counsel made any effort to set a new hearing date and, as a result, on June 9, 2015, the Panel in the First Arbitration dismissed the First Arbitration. *Id.* ¶ 20. Defendant and his counsel were fully prepared to set a hearing date as directed

by the Plaintiff had Plaintiff or her counsel made any effort to discussing hearing dates. *Id.* ¶ 21. Because no arbitration date was set, on June 9, 2015, the Panel in the First Arbitration ordered that, consistent with its April 21, 2015 order, the First Arbitration was dismissed. *Id.* ¶ 22. Defendant incurred more than $57,000 in attorney's fees and costs defending the First Arbitration. *Id.* ¶ 23.

Nearly six months later, on November 23, 2015, Plaintiff filed her claim in the Second Arbitration. Plaintiff was again represented by attorney Joseph S. Fogel—her counsel in this litigation—in the Second Arbitration. *Id.* ¶¶ 24-25. On March 30, 2016, Defendant filed a motion to dismiss in which he argued that, pursuant to Rule 12206 of the FINRA Code of Arbitration Procedure, the claim was time-barred. *Id.* ¶ 26. Rule 12206(a) states, in pertinent part: "No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence of the event giving rise to the claim." *Id.* ¶ 27. On October 15, 2016, the Panel in the Second Arbitration dismissed Plaintiff's claims on the ground that the claim in the Second Arbitration was filed more than six years after all of Plaintiff's claims arose. *Id.* ¶ 28. "As such, the Arbitrators found as a matter of law that tolling does not apply to the eligibility rule set forth as Rule 12206(a), which rule is mandatory." *Id.*

Plaintiff filed the present action on January 9, 2017 by filing her Complaint in Superior Court, State of California. *Id.* ¶ 29.

## IV. Argument

### A. Absent Equitable Tolling, the Statute of Limitations on All Plaintiffs' Claims Long Ago Expired.

This Court has already held, in granting Defendant's original motion to dismiss, that: (1) "the three-year statute of limitations for fraud applies" to Plaintiff's claims; (2) the Complaint discloses that "Plaintiff had discovered the facts constituting the fraud alleged in her Complaint"; and (3) "Plaintiff did not file her Complaint in Los Angeles Superior Court until January 9, 2017, well after the three-year statute of limitations had run." March 29, 2019 Order at 3. Thus, it is indisputable that all of Plaintiff's claims are time-barred unless Plaintiff can demonstrate that she is entitled to have the statutes of limitation equitably tolled under California law.

### B. Equitable Tolling

As this Court has previously noted, "California courts equitably toll the statute of limitations period when a plaintiff pursues an alternate legal remedy and proves (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." March 29, 2019 Order at 3 (citing *McDonald v. Antelope Valley Cmty. Col. Dist.*, 45 Cal. 4th 88, 102 (2008). California's appellate courts have made clear that, "in light of its equitable nature, … equitable tolling, as the name suggests, is an equitable issue for court resolution." *Hopkins v. Kedzierski*, 225 Cal.App.4th 736, 745 (Cal. Ct. App. (4th Dist.) 2014) (internal quotation and citation omitted). Thus, there is no "right to a jury trial on the issue of the potential applicability of his doctrine." *Id.* Moreover, "[w]here . . . as here -- a plaintiff contends that the statute of limitations is not a bar based on equitable tolling, the plaintiff bears the burden of proving the applicability of such," even where the issue comes before the Court on the defendant's motion for summary judgment. *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125,

1137 (N.D. Cal. 2009) (collecting cases). Stated another way, "[a]t the summary judgment stage, 'the plaintiff has the burden of proving facts that would toll the statute.' *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980)." *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1186 (C.D. Cal. 2002).

**C. Equitable Tolling Does Not Apply Because the First Arbitration was Not Dismissed Based on a "Defect"**

In *McDonald* the California Supreme Court explained that the doctrine of equitable tolling may generally apply in three circumstances: "where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, **is found to be defective for some reason**." *McDonald*, 45 Cal. 4th 88, 100 (citing *Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 923) (emphasis added). *See also Long v. Forty Niners Football Co., LLC*, 33 Cal. App. 5th 550, 555 (4th App. Dist. 2019) (same). Here, only the third of these circumstances could be argued to exist, as the FINRA arbitrations were not commenced to "lessen the harm" of a second action, and Plaintiff was not required to exhaust any administrative remedies before filing suit. Thus, even if Plaintiff could demonstrate that she "embarked upon" the FINRA arbitrations in good faith (which, for reasons discussed below, she cannot), she cannot invoke equitable tolling unless the arbitration proceedings were dismissed because they were "defective for some reason." With respect to the First Arbitration, which ran for five years, she cannot as a matter of law demonstrate a dismissal based on any defect.

Rather, after five years the First Arbitration was dismissed because Plaintiff elected not to push the case through to a hearing. The First Arbitration was set for a hearing in November 2014, but was postponed just days before because Plaintiff's attorney withdrew. While the precise circumstances of that withdrawal are unknown to Defendant, the attorney represented to the Panel that there had been "a breakdown

of communication" that rendered continued representation "unreasonably difficult" and therefore not tenable under California Rule of Professional Conduct 1.16(b)(4). Significantly, Rule 1.16(b)(4) allows an attorney to withdraw only if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Thus, Plaintiff's counsel in the First Arbitration could not have withdrawn—and would have violated the California Rules of Professional Conduct—unless Plaintiff herself was engaged in conduct that justified the withdrawal.[1] Tellingly, there is no evidence that Plaintiff made any effort to object to the withdrawal or to challenge the stated basis.

In any event, as a result of Plaintiff's attorney's withdrawal the hearing on the merits was postponed. Plaintiff thereafter retained Mr. Fogel to represent her in the First Arbitration, and the Panel gave Plaintiff another opportunity to mover her claim forward to a hearing on the merits before the end of 2015. But at that point it appears Plaintiff simply stopped participating in the arbitration proceeding. The arbitration record makes clear that neither Plaintiff nor her counsel participated in an April 21, 2015 hearing on a highly substantive matter—the motion of two respondents for dismissal from the proceeding. On April 21, 2015 the Panel gave the parties until May 8, 2015 to provide dates for a hearing to be held within the next six months. In the more than two week period the Panel provided, counsel for Plaintiff made no effort to reach out to counsel for Defendant to discuss possible dates, and indeed did nothing to advance or save her claims from dismissal.

---

[1] Plaintiff's counsel in the First Arbitration also cited Missouri Court Rule 4-1.16(b)(6) in support of his Notice of Withdrawal, which authorizes withdrawal if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Where Plaintiff's counsel did not suggest "financial burden" was an issue, the basis for his withdrawal must have been the client (Plaintiff) making the representation "unreasonably difficult."

Because it is clear that the First Arbitration was not "defective," but was instead dismissed after five years because Plaintiff chose not to advance the case through to a hearing, Plaintiff is not eligible for equitable tolling of the statutes of limitation.

**D. Plaintiff Cannot Demonstrate Good Faith**

Even if Plaintiff could establish the threshold requirements to invoke equitable tolling, her claims are still time-barred because she cannot demonstrate the requisite good faith in the pursuit of the First Arbitration. Fundamentally, "[e]quitable tolling is a judicially created doctrine that, where applicable, will 'suspend or extend a statute of limitations ***as necessary to ensure fundamental practicality and fairness***.'" *Long,* 33 Cal. App. 5th at 554-555, quoting *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal. 4th 88, 99 (emphasis added). The focus of the inquiry—as it is with all equitable defenses—is fairness, and specifically whether it is fair to allow the plaintiff to pursue claims that would otherwise be statutorily barred. Here, the undisputed facts demonstrate that Plaintiff cannot demonstrate the requisite good faith necessary for her to invoke equitable tolling.

In a very recent decision, a California Court of Appeal refused—as a matter of law—to apply equitable tolling in a case presenting similar facts. In *Long*, the plaintiff was shot by a third party after a San Francisco Forty Niners football game and initially sued the team and the NFL in California Superior Court. *Long*, 33 Cal. App. 5th at 552. The initial claim, filed in 2011, was unquestionably timely under the two-year statute of limitations. *See id.* Nearly two years after the state court action was filed the plaintiff brought an identical action in federal district court, believing he could now establish diversity jurisdiction over the matter. *See id.* at 553. Less than one month before the state court case was set to be tried, the plaintiff voluntarily dismissed the state court action in favor of his federal claim. *See id.* Then, after the federal court case was dismissed for lack of diversity jurisdiction, the plaintiff "filed a third lawsuit . . . asserting the same allegations as his prior lawsuits, again in San

Francisco Superior Court." *Id.* The defendant demurred on the ground of the statute of limitations.

The plaintiff argued that, although his new action was time barred, the statute of limitations should be equitably tolled. *Id*. at 554. The superior court disagreed and sustained the defendant's demurrer, and the Court of Appeal agreed, ruling that the plaintiff did not demonstrate good faith. The fact that the defendant was aware of the claims since before the statute of limitations expired was of no consequence. The *Long* court explained:

> [A]lthough defendant was on notice of [plaintiff's] claims from the beginning of the first state court action, the doctrine of equitable tolling was not intended to burden a defendant or the courts with having to repeatedly restart litigation of a case that was almost fully adjudicated, simply because the plaintiff had a last-minute change of heart about the forum. [Plaintiff] was free to take a chance and refile his claims in federal court, but to apply equitable tolling, in these circumstances, to [Plaintiff's] third lawsuit would undermine the doctrine's purposes of preventing parties from having to seek redress in separate forums and reducing the costs associated with duplicative filings.

*Id.* at 557.

*Long* is highly analogous to this case. Here, Plaintiff commenced an arbitration proceeding that she pursued for *five years* through multiple amendments to her claims and the addition of numerous parties. Over that half decade Plaintiff engaged in bad faith conduct relating to discovery that unnecessarily delayed the proceedings. On November 6, 2014, Plaintiff's long-time attorney withdrew from the case citing "a breakdown of communication where further representation of [Plaintiff] . . . has been rendered unreasonably difficult and is not in the best interests of [Plaintiff]." At that time the hearing of the matter was set to begin just days later on November 10, 2014 in Los Angeles, but was postponed because of the attorney's withdrawal. After Plaintiff secured substitute counsel she was given an opportunity to reschedule the hearing and obtain the ruling on the merits she claims to covet, but instead allowed the arbitration to be dismissed rather than proceed to trial.

Nearly six months later Plaintiff—using the same counsel that represents her in this proceeding—filed another arbitration claim through FINRA. She did so even though it was indisputable that the second arbitration was commenced more than six years after the trading at issue was complete. Accordingly, Defendant filed a motion to dismiss the second arbitration on the ground that it was time-barred under the plain language of FINRA Code of Arbitration Procedure Rule 12206(a), which provides, in pertinent part: "No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence of the event giving rise to the claim." Plaintiff nonetheless opposed dismissal, forcing Defendant again to incur needless attorney's fees and costs in addressing her baseless claim. The arbitration panel in the Second Arbitration held that the language of the Rule was clear and dismissed the Second Appeal on October 15, 2016.

Now Plaintiff seeks her third bite at the apple through this court action. Plaintiff here bears no resemblance to the plaintiffs in other cases for whom courts have equitably extended statutes of limitation. Plaintiff had every opportunity to have her case heard on the merits in the first forum she selected—FINRA arbitration—but simply chose not do so. That is a far cry from the plaintiff in *McDonald*, the seminal case on the equitable tolling doctrine, who waited to file her racial discrimination lawsuit while she pursued administrative investigations into the alleged wrongdoing. *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 194 P.3d 1026, 84 Cal. Rptr. 3d 734 (2008). Unlike the Plaintiff here, the plaintiff in *McDonald* did not drag her opponent through five years of hotly contested arbitration proceedings, only to abandon them when given a choice between a hearing on the merits and dismissal.

Equity is not served, and fairness is not the result, if a party can force an opponent to spend five years and incur massive legal fees and costs defending an arbitration, then withdraw from the proceeding and simply ask for a "do over" in court

long after the statutes of limitation have expired. Allowing such action would only serve to encourage parties to try arbitration and, if things don't go well, simply walk away and start over with no fear that the statute of limitations will bar otherwise untimely claims. Nothing in California's law of equity supports application of equitable tolling under these circumstances. Plaintiff could have had her claims heard on their merits four years ago if she had simply seen the First Arbitration through to its conclusion. She chose not to do so, and is now asking this Court and Defendant to absorb the burden of that decision. Her claims should be dismissed with prejudice and this nine-year-old matter finally put to rest.[2]

## V. Conclusion

For the reasons discussed above, Defendant John L. Parmigiani respectfully requests the entry of an order granting him summary judgment on all of Plaintiff's claims on the ground that the statutes of limitations applicable to all his claims have expired, and Plaintiff cannot as a matter of law demonstrate that equitable tolling of the applicable statutes is justified.

Respectfully submitted,

MICHAEL BEST & FRIEDRICH, LLP

Dated: June 17, 2019

By:/s/Evan S. Strassberg
Evan S. Strassberg
MICHAEL BEST & FRIEDRICH, LLP
Attorneys for Defendant
JOHN L. PARMIGIANI

---

[2] Because the statute of limitations on all Plaintiff's claims began to run no later than June 2010, when Plaintiff filed her claims in court on January 9, 2017, it was more than six years after those claims accrued. Thus, even if the statutes of limitation applicable to any of Plaintiff's claims were four years (e.g., for breach of fiduciary duty (Cal. Civ. Proc. § 343) and/or breach of contract (Cal. Civ. Proc. § 337)), rather than three years, the statutes still ran long before Plaintiff filed this lawsuit.